# United States District Court
## District of New Jersey

**Amadu Musa**

v.

**City of Newark,
Newark Police Department,
Edagardo Gonzalez, Silas
Smith, Jr., Chief Anthony
Campos, Lt. Sal Russomano**

Civil Action: 06-4496
Hon. Katherine Hayden, U.S.D.J.

## FINAL PRETRIAL ORDER

1.     JURISDICTION (Set forth specifically)

This court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343 based on claims for violations of 42 U.S.C. 1983 under the 8th, 4th and 14th Amendments to the United States Constitution.

2.    PENDING/CONTEMPLATED MOTIONS (Set forth all pending or contemplated motions, whether dispositive or addressed to discovery or the calendar. Also set forth the nature of the motion. If the Court indicated that it would rule on any matter at pretrial, summarize that matter. Each party's contemplated in limine motions should also be set forth)

Pending Motions: None

Contemplated Motions: None

Discovery/Calendar Motions: None

Dispositive Motions:

1. Defendant City of Newark's motion for summary judgment pursuant to Monell v. Dept. of Social Servs. of New York, 436 U.S. 658, 691 (1978). — moot

2. Defendants Silas Smith and Edgardo Gonzalez's motion for summary judgment (qualified immunity).

Motions in Limine: None anticipated

The parties shall submit a dismissal order to dismiss the claims against the City of Newark and defendants Russomano and Campos no later than November 15, 2007.

Any motions for summary judgment shall be filed no later than November 21, 2007. Any response shall be filed no later than December 3, 2007 and any reply shall be submitted no later than December 10, 2007. The return date shall be December 17, 2007. Judge Hayden's Chambers will advise the parties if oral argument will be required.

3. STIPULATION OF FACTS (Set forth in numbered paragraphs all uncontested facts, including all answers to interrogatories and admissions to which the parties agree.)

   1. Amadu Musa resided at Georgia King Village in the City of Newark at the time of this incident.
   2. Police Officers Silas Smith, Jr. And Edgardo Gonzalez were employed by the Newark Police Department/City of Newark at the time of this incident, and both were in the course of their employment.
   3. Anthony **Campos** was the Chief of Police at the time of this incident.
   4. Amadu Musa was arrested and subsequently charged with resisting arrest and disorderly persons under N.J.S.A. 2C: 29-2A and 2C: 33-2A.
   5. The incident in question which plaintiff claims give rise to violations referred to in the complaint occurred on July 24th, 2006 at Georgia King Village.

4. CONTESTED FACTS ( Proofs shall be limited at trial to the contested facts set forth. Failure to set forth any contested facts shall be deemed a waiver thereof)

    A. Plaintiff: Plaintiff maintains that he was lawfully seated on a bench outside his apartment complex at Georgia King Village on the date in question when he was suddenly accosted by the two defendant officers who ordered people on the bench up against their car. When Mr. Musa tried to find out what was happening, he was cursed, pepper sprayed, humiliated, punched, brought to the ground, kicked and dragged to the police car. Mr. Musa was subsequently maligned for being from Africa. He was placed in custody, held and charged with a violation that never occurred. Mr. Musa subsequently sought some medical treatment for injuries sustained.

    B. Defendant: Defendants officers were told by maintenance personnel that there was an irate individual flailing his arms and out of control at the entrance to Georgia King Village. They found Musa, a person they did not know prior to this incident, at the entrance, yelling, cursing and spitting. They tried to calm Musa down and coach him away from the entrance and asked him what was going on. Musa continued to yell, curse and spit, and Musa was obviously upset at something. Because of Musa's continued actions, Smith told Musa he was going to be arrested for breaching the peace. Musa, however, resisted the officers' attempts to effectuate the arrest by continuing his yelling, cursing and spitting, pulling his arms away so that no cuffs could be placed upon him, and by bumping Smith with his stomach. Smith tactically pushed Musa to the ground when Musa did not put his arms together to be cuffed as Gonzalez pepper-sprayed him. The officers took Musa to headquarters to be processed and had no further interaction with Musa.

5.  FACT WITNESSES: Aside from those called for impeachment purposes, only the fact witnesses set forth by name and address may testify at trial. No summary of testimony is necessary.)

   A.  PLAINTIFF:

   Amadu Musa, 175 First Street, Apt 2M, Newark, NJ

   James Goodwin, 42 Dickerson Street, Newark, NJ

   Cecil Johnson, 40 9th Ave., Newark, NJ.

   Anthony Colemen, 250 Georgia King Village, Apt 11H, Newark, NJ

   David S. Wolkstein, M.D., 2333 Morris Ave., Union, NJ

   University Hospital Custodian of Records

   Raymond Brown, Georgia King Village Manager

   B.  DEFENDANT:

   Edgardo Gonzalez, 43 Dickerson Street, Newark, NJ

   Silas Smith, Jr., 43 Dickerson Street, Newark, NJ

   Chief Anthony Campos, Newark, NJ

   Lt. Sal Russomano, 43 Dickerson Street, Newark, NJ

   Sgt. Gustavo Medina, 22 Franklin Street, Newark NJ

   Lt. Kimberly Wnek, 22 Franklin Street, Newark NJ *

   Lt. Yvonne Roman, 22 Franklin Street, Newark NJ

   Raymond Brown, Georgia King Village Manager

*Counsel have permission to conduct a deposition in lieu of trial testimony.

6. EXPERT WITNESSES:( No expert shall be permitted to testify at trial unless identified below by name and address and unless the expert's curriculum vitae and report are attached hereto. An expert's qualifications may not be questioned unless the basis therefor is set forth herein)*

   A. PLAINTIFF: NONE

   B. Defendant's objections to plaintiff's expert qualifications: N/A

   C. DEFENDANT: NONE

   D. Plaintiff's objections to defendant's expert qualifications: N/A

7. DEPOSITION: Not later than <u>To be set by Judge Hayden</u>, any party seeking to offer evidence by deposition shall so advise the opposing parties. Within 14 days thereof, all parties are directed to prepare a joint agreed statement, in narrative form, of the testimony which would be given by the deponent if called under oath. No colloquy between counsel shall be included. The agreed statement is not a concession of the factual accuracy of the deponent's testimony. Absent prior leave of Court, no deposition testimony may be offered except as provided herein.

Within 14 days of the first date above, the parties shall simultaneously exchange and submit to the court any objections to the deposition testimony proposed above. The objections shall note, separately as to each such challenged portion of the deposition, applicable cases or rules which underlie the objection. If a party fails to comply with this paragraph, the challenged deposition testimony shall be deemed admitted.

8. EXHIBITS: ( except for exhibits the need for which could not reasonably have been foreseen or which are used solely for impeachment purposes, only the exhibits set forth on the exhibit list attached hereto may be introduced at trial. Objections to authenticity are deemed waived unless such objections are set forth).

    A. Plaintiff: { REFER TO ATTACHED EXHIBIT LIST HERE}

    B. Defendant's objections to authenticity: none

    **NONE AS TO AUTHENTICITY**

    C. Defendant: { REFER TO ATTACHED EXHIBIT LIST HERE}

    D. Plaintiff's objections to authenticity: none

\* The exhibit lists should follow this page.

**Musa v. City of Newark et al.**
DOCKET NO. 06-4496 (KSH)

Plaintiff, Amadu Musa's Proposed Exhibit List

| Exhibit Number | Description |
| --- | --- |
| P-1 | University Hospital record |
| P-2 | Dr. Wolkstein Bill |
| P-3 | Police Incident Report |
| P-4 | Newark Police Department-Gen Order-Use of Force |
| P-5 | Newark Police Department-Memorandum-2 pages |
| P-6 | Newark Police Department-Gen Order-Hiring practices |
| P-7 | Musa Deposition |
| P-8 | Johnson Deposition |
| P-9 | Goodwin Deposition |
| P-10 | Smith Deposition |
| P-11 | Gonzalez Deposition |

**Musa v. City of Newark et al.**
DOCKET NO. 06-4496 (KSH)

City of Newark Defendant's Proposed Exhibit List

| Exhibit Number | Description |
|---|---|
| D-1 | Photograph of Plaintiff taken July 25, 2006. |
| D-2 | Photograph of Plaintiff taken July 25, 2006. |
| D-3 | Photograph of Plaintiff taken July 25, 2006. |
| D-4 | Photograph of Plaintiff taken July 25, 2006. |
| D-5 | Photograph of Plaintiff taken July 25, 2006. |
| D-6 | Photograph of Plaintiff taken July 25, 2006. |
| D-7 | Photograph of Plaintiff taken July 25, 2006. |
| D-8 | Incident Report |
| D-9 | Arrest Report |
| D-10 | Criminal Complaint |
| D-11 | Location Check Report |
| D-12 | Event Chronology |
| D-13 | Motor Patrol Log |
| D-14 | Use of Force Numbers #297 |
| D-15 | Plaintiff's Answers to Interrogatories |

9. SINGLE LIST OF LEGAL ISSUES ( All issues shall be set forth below. The parties need not agree on any issue. Any issue not listed shall be deemed waived.

Whether Defendant Police Officers had probable cause to arrest Plaintiff under the circumstances.

Whether Defendant Police Officers used reasonable force to arrest Plaintiff under the circumstances.

Whether Plaintiff suffered any physical injuries as a result.

Whether the Defendant Police Officers are entitled to qualified immunity.

Whether the Defendant Police Officers violated Plaintiff's constitutional rights.

10. CONCLUSION

   A. MISCELLANEOUS: (set forth any matters which require action or should be brought to the attention of the court.) Defense counsel raise with Judge Hayden whether or not this case to proceed to trial before the conclusions of TT's municipal court matters.

   B. TRIAL COUNSEL: (List the names of trial counsel for all parties.)
      Harvey H. Rothman, Esq. For Plaintiff
      Gary S. Lipshutz, Esq. For Defendants

   C. JURY TRIALS:

      Not later than ___to be set by Judge Hayden___

      1. Each party shall submit to the District Judge and to opposing counsel a trial brief in accordance with Local Civil Rule 7.2 (b) with citations to authorities and arguments in support of its position on all disputed issues of law. THE BRIEF SHALL ALSO ADDRESS ANY ANTICIPATED EVIDENCE DISPUTE. In the event a brief is not submitted, the delinquent parties pleading may be stricken.
      2. Any hypothetical questions to be put to an expert witness on direct examination shall be submitted to the District Judge and to opposing counsel.
      3. Each party shall submit to the District Judge and to opposing counsel proposed voir dire.
      4. Plaintiff shall submit to opposing counsel, proposed jury instructions. Each instruction shall be on a separate sheet of legal sized paper and shall be numbered in sequence. Each instruction shall include citations to authorities, if any
      Within seven days of the above, opposing counsel shall, on the face of the instructions submitted by plaintiff, set forth any objections to the proposed jury instructions and/or proposed counter-instructions.

   D. NON-JURY TRIALS:

      Not later than ___NA___

      1. Each party shall submit to the District Judge and to opposing counsel a trial brief in accordance with Local Civil Rule 7.2(b)

with citations to authorities and arguments in support of its position on all disputed issues of law. THE BRIEF SHALL ALSO ADDRESS ANY ANTICIPATED EVIDENCE DISPUTE. In the event a brief is not submitted, the delinquent party's pleading may be stricken.

2. Any hypothetical questions to be put to an expert witness on direct examination shall be submitted <u>to the District Judge and to opposing counsel.</u>

3. Proposed findings of fact and conclusions of law shall be submitted <u>to the District Judge and to opposing counsel after the close of evidence.</u> These shall include annotations to trial transcripts and exhibits.

E. BIFURCATION ( when appropriate, liability issues shall be centered and tried to verdict. Thereafter, damages issues will be tried to the same jury.) (NO)

F. ESTIMATED LENGTH OF TRIAL

_____4_____ days for liability and

_____ days for damages.

G. TRIAL DATE: *to be set by Judge Hayden*

*H. Settlement/Pretrial Housekeeping conference before Judge Hayden: Nov 29, 2007 at 10:30 am. Defendants shall send a confirming letter.*

AMENDMENTS TO THIS PRETRIAL ORDER SHALL NOT BE PERMITTED UNLESS THE COURT DETERMINES THAT MANIFEST INJUSTICE WOULD RESULT IF THE AMENDMENT IS DISALLOWED. THE COURT MAY FROM TIME TO TIME SCHEDULE CONFERENCES AS MAY BE REQUIRED EITHER ON ITS OWN MOTION OR AT THE REQUEST OF COUNSEL.

_____
Harvey H. Rothman, Esq.
Attorney for Plaintiff

_See attached_____
Gary S. Lipshutz, Esq.
Attorney for Defendant

_____
HON. PATTY SHWARTZ
United States Magistrate Judge

So ordered this 31st day of October, 2007

AMENDMENTS TO THIS PRETRIAL ORDER SHALL NOT BE PERMITTED UNLESS THE COURT DETERMINES THAT MANIFEST INJUSTICE WOULD RESULT IF THE AMENDMENT IS DISALLOWED. THE COURT MAY FROM TIME TO TIME SCHEDULE CONFERENCES AS MAY BE REQUIRED EITHER ON ITS OWN MOTION OR AT THE REQUEST OF COUNSEL.

Harvey H. Rothman, Esq.
Attorney for Plaintiff

Gary S. Lipshutz, Esq.
Attorney for Defendant

HON. PATTY SHWARTZ
United States Magistrate Judge